United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20633
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE RAMIREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4-01-CR-121-8
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

Jose Ramirez (Ramirez) pleaded guilty, pursuant to a plea agreement, to aiding and abetting the distribution of cocaine. He was sentenced to 151 months of imprisonment and five years of supervised release. Ramirez appeals his sentence, asserting that the appeal waiver provision in his guilty plea is void and that his sentencing is illegal in light of <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ramirez contends that the Government breached the plea agreement by opposing an acceptance of responsibility credit. Absent any objection in the district court, we review for plain error only. See United States v. Reeves, 255 F.3d 208, 210 (5th Cir. 2001). Whether the Government's conduct violates the terms of the plea agreement is a question of law which this court reviews de novo. United States v. Gonzalez, 309 F.3d 882, 886 (5th Cir. 2002). "In determining whether the terms of the plea bargain have been violated, this court must determine whether the government's conduct is consistent with the parties' reasonable understanding of the agreement." Gonzales, 309 F.3d at 886 (internal quotation marks, brackets, and citation omitted).

A review of the record reveals that the Government did breach the plea agreement by opposing Ramirez's acceptance of responsibility credit. As a result, the plea agreement, including the restriction on Ramirez's right to appeal, is void. Ramirez can therefore, appeal his sentence, which he has done, and we can consider his appeal.

For the first time on appeal, Ramirez argues that his sentence is illegal in light of Blakely. This argument is foreclosed by this court's recent opinion in United States v. Pineiro, 377 F.3d 464, 465-73 (5th Cir. 2004), petition for cert. filed, (U.S. July 14, 2004) (No. 04-5263).

AFFIRMED.